UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Irena Stanic Rasin,

               Plaintiff

v.

Cigna Health and Life Insurance,

               Defendant

Case No. 2:25-cv-00407-CDS-DJA

**Order Granting in Part and Denying in Part Defendant's Motion to Dismiss**

[ECF No. 23]

This is a purported class action suit brought by plaintiff Irena Stanic Rasin, an enrollee in Cigna Health and Life Insurance Company's health plan, against defendant Cigna Health and Life Insurance. Compl., ECF No. 1. Stanic Rasin brings two claims for relief: disability and age discrimination in violation of Section 1557 of the Affordable Care Act (ACA), 42 U.S.C. § 18116. *See id.* at 22–28. As alleged, Stanic Rasin claims Cigna violated federal law when it categorically denied her a hearing aid. *See id.* at 5. Cigna moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Mot., ECF No. 23. Therein, Cigna argues that neither the ACA nor any other federal law requires a self-funded ERISA plan like the one in which Stanic Rasin is enrolled to cover hearing aids for adults. *See id.* Cigna further argues that the benefit Stanic Rasin challenges in her complaint "clearly falls within the Age Discrimination Act's . . . exception for reasonable age-based restrictions," which is set forth in the ACA. *Id.* at 2. Cigna further argues that the complaint fails to sufficiently plead that they are a "health program or activity" that receives "federal financial assistance," as required by Section 1557, or show they discriminated against Stanic Rasin. *See id.* at 2–3. Stanic Rasin opposes the motion. Opp'n, ECF No. 37. This motion is now fully briefed.[1] Reply, ECF No. 42. For the reasons set forth herein, Cigna's motion is granted in part and denied in part.

---

[1] After this motion was fully briefed, both parties filed motions for leave to file supplemental authority. Mots. for leave, ECF Nos. 47, 50. I granted both motions. Order, ECF No. 52.

## I.    Background

As set forth in the complaint, Stanic Rasin is a 58-year-old enrollee in a Cigna health plan.[2] ECF No. 1 at 1–2, ¶ 1. Stanic Rasin suffers from disabling hearing loss and, a result thereof, requires prescription hearing aids. *Id.* Despite her condition, Stanic Rasin cannot obtain coverage for an aid under the Cigna plan because the defendant excludes all coverage for hearing aids for people over the age of 21. *Id.* at 2, ¶ 1. Stanic Rasin contends that Cigna's exclusion constitutes illegal disability and age discrimination, under Section 1557 of the ACA. *See id.* at 2, ¶ 2; *id.* at 13–17. Accordingly, Stanic Rasin brings this action to "enforce the protections against disability and age discrimination, as incorporated into the ACA." *Id.* at 3, ¶ 6. The complaint sets forth the class allegations. *See id.* at 19–22. Based on these allegations, Stanic Rasin brings the two claims against Cigna on behalf of herself and other members of the proposed class seeking declaratory and injunctive relief. *Id.* at 22–26. Stanic Rasin affixed a copy of her Cigna plan ("the Policy") as an exhibit to the complaint. *See* Pl.'s Ex. 1, ECF No. 4.

## II.    Legal authority

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Id.* at 555.

---

[2] As set forth in the complaint, Cigna "is a health insurance company that designs, insures and/or administers health plans and receives federal financial assistance for part of its health programs and activities" and is therefore a "covered entity" subject to the ACA's anti-discrimination law. ECF No. 1 at 4, ¶ 11.

Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Rule 15(a) provides that a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 183 (1962).

## III.    Discussion

Cigna contends that the complaint fails for several reasons.

### A.  The complaint fails to sufficiently allege that Cigna designed the hearing aid exclusion.

First, Cigna argues that Stanic Rasin wrongfully alleges that Cigna administers her plan, but the Policy demonstrates that it is administered by her employer. *See* ECF No. 23 at 7–8. They further argue that Stanic Rasin only pleads the relevant language of her ERISA plan coupled with "information and belief" allegations, rendering the allegations as it relates to this element conclusory. *See id.* at 6–9.

Stanic Rasin responds that her allegations that Cigna designed the hearing aid exclusion (the "Exclusion") are more than sufficient, and Cigna's arguments that the plan gives the employer authority to amend the benefits is irrelevant because that does not identify *who created* the Exclusion. ECF No. 37 at 13 (emphasis in original). She further alleges that she cannot cite specific information regarding who created the Exclusion because that information is controlled

3

by Cigna. *Id.* at 13, n.4. In reply, Cigna contends that the plaintiff's allegations are speculative, that she fails to explain how her self-funded plan was designed by them, and that the Policy allows her "the right to request this information about the plan and hearing aid benefit from the ERISA plan administrator, State Street," so her claim that this information lies exclusively with them is incorrect. ECF No. 49 at 3 (citing the Policy, ECF No. 4 at 67).

Given that Cigna is a Third-Party Administrator (TPA), Stanic Rasin has failed to sufficiently allege that Cigna created the Exclusion contained in the Policy. And while I am not convinced that Stanic Rasin could learn this information by simply requesting it from Cigna, the complaint fails to allege that Cigna alone has this information, nor does it detail any efforts to obtain this information from Cigna. Consequently, the allegations that Cigna created the Exclusion are conclusory and are therefore insufficient. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (the Court does not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations"). So I grant the motion to dismiss based on this argument, without prejudice and with leave to amend.

**B.  The complaint properly alleges that Cigna can be liable for violating Section 1557 even as a Third-Party Administrator.**

Second, Cigna argues that Stanic Rasin fails to sufficiently plead that Cigna, as a TPA, accepts federal assistance for administering her ERISA plan. *Id.* at 9–10. But the Ninth Circuit recently affirmed rejection of this argument in *Pritchard v. Blue Cross Blue Shield of Ill.*, 159 F.4th 646, 656 (9th Cir. 2025) (citing 42 U.S.C. § 18116(a)). *Pritchard* confirms that a third-party administrator can be liable for violating Section 1557, even when implementing plan terms drafted by a plan sponsor, so this argument fails. Further, I find that the complaint's allegations that "Cigna is a 'health program or activity' part of which receives federal financial assistance," "Cigna is a 'covered entity' under the Affordable Care Act, § 1557," "Cigna and/or its subsidiaries or affiliates provided assurances to the U.S. Department of Health and Human Services that it complies with the requirements of § 1557," and "[t]hrough its subsidiary/affiliate, it also provided

similar statements to its enrollees, confirming that it complies with the requirements of § 1557," ECF No. 1 at 23, ¶¶ 107–09, sufficiently allege that Cigna is required to comply with the ACA. So Cigna's motion to dismiss the ADA claim based on this argument is denied.[3]

### C. Stanic Rasin met the administrative exhaustion requirements for both her age and disability claims.

Cigna also contends that the complaint should be dismissed because Stanic Rasin fails to plead that she has satisfied the requisite notice requirements of the ADA. ECF No. 23 at 12. Stanic Rasin responds that administrative exhaustion and notice requirements are non-jurisdictional, and further she asserts that she, in fact, complied with the ADA's notice and exhaustion requirements. *See* ECF No. 37 at 25–26.

Under the ADA, "[n]o action . . . shall be brought. . . if administrative remedies have not been exhausted." 42 U.S.C. § 6104(e)(2). To exhaust administrative remedies, a plaintiff must provide notice "to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed" by registered mail at least 30 days prior to the commencement of the action. *Id.* at § 6104(e)(1). The complaint alleges that (1) "[o]n July 31, 2024, [she] filed an administrative complaint with HHS" and that "[o]ver 180 days has lapsed without agency action such that she has exhausted her administrative appeal rights; and (2) "[o]n January 23, 2025, [she] sent, by registered mail, notice of her intent to file this lawsuit to Cigna, the Secretary of Health and Human Services, and the Attorney General of the United States." ECF No. 1 at 18, ¶¶ 84–85. The complaint also includes that Stanic Rasin sent, "by registered mail, notice of her intent to file this lawsuit to Cigna" on January 23, 2025. *Id.* at ¶ 85. These allegations are sufficient to show that Stanic Rasin complied with the ADA's administrative exhaustion requirements, so Cigna's motion to dismiss on this basis is denied.[4]

---

[3] I deny Cigna's motion to dismiss the age discrimination claim based on the same "federal financial assistance" argument based on the same reasoning.

[4] I deny Cigna's motion to dismiss the age discrimination claim due to an alleged failure to exhaust based on the same analysis.

### D. In part, the complaint properly alleges age and disability claims under the ACA.

Cigna argues that the plaintiff inadequately pleads age and disability discrimination. As explained by the Ninth Circuit in *Pritchard*, pursuant to Section 1557 of the ACA, "an individual shall not [on certain grounds] be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance[.]" *Pritchard*, 159 F.4th at 656 (citing 42 U.S.C. § 18116(a)). The statute further specifies that "the enforcement mechanisms provided for and available under such title VI, title IX, section 794, or such Age Discrimination Act shall apply for purposes of violations of this subsection" 42 U.S.C § 18116. These protections also extend to disability discrimination. *See, e.g.*, 29 U.S.C. § 794(a).

A plaintiff states a viable claim for age or disability discrimination under Section 1557 by plausibly alleging that (1) the defendant is a healthcare program that receives federal financial assistance, (2) the plaintiff was excluded from participation in, denied the benefits of, or subjected to discrimination in the provision of healthcare services, and (3) this treatment occurred on the basis of their protected class. *See Schwake v. Ariz. Bd. of Regents*, 967 F.3d 940, 946 (9th Cir. 2020) (explaining the elements of a plausible sex discrimination claim). Allegations are plausible if they are nonconclusory and link the alleged discrimination to her protected status. *See Austin v. Univ. of Or.*, 925 F.3d 1133, 1138 (9th Cir. 2019). Further, "[c]ourts analyze ACA claims under the framework applicable to the statute corresponding to the discrimination alleged." *Rule v. Braiman*, 2024 WL 4042135, at *6 (N.D.N.Y. Sep. 4, 2024).

#### 1. *Cigna's motion to dismiss the facial age discrimination claim is denied.*

Cigna also contends that the complaint should be dismissed for failure to adequately plead facial age discrimination "because her health plan's coverage for hearing aids for children under the age of 21," is a reasonable age-based criteria permitted by the ADA, ECF No. 23 at 14, 17, so it does not violate the ADA because it "reasonably take[s] into account age as a factor

necessary to the to the normal operation or the achievement of any statutory objective of a program or activity." *Id.* at 15. Cigna further asserts that "[t]he ACA requires individual and small group plans to cover ten categories of essential health benefits ("EHBs"), including '[r]ehabilitative and habilitative services and devices,' but the ACA does not include hearing aids or services as an EHB. *Id.* at 16 n.8, so this cannot be age discrimination because it is "a reasonable age-based criteria that promotes the important objective of supporting the educational and social development of hearing-impaired children." *Id.* at 16.

Stanic Rasin responds and argues that the complaint sufficiently alleges age discrimination because the Exclusion constitutes "presumptive[] facial age discrimination." ECF No. 37 at 26. Stanic Rasin avers that Cigna discriminates by only providing partial coverage for people with hearing loss when they are under age 21 and denying coverage for anyone over the age of 21. *Id.* at 27. Stanic Rasin also contends that the Exclusion does not fall within the narrow exception[5] cited by Cigna. *Id.* at 26–28. Finally, Stanic Rasin argues that while Cigna contends that the Exclusion is to promote educational and social development for hearing-impaired children, there is no information available explaining why the Policy includes the age limitation. *Id.* at 27–28.

Facial discrimination is a form of disparate treatment involving discrimination based on an immutable characteristic like age. *See Caldrone v. Circle K Stores, Inc.*, 2023 WL 5505014, at *8 n.10 (C.D. Cal. Aug. 8, 2023). A policy or practice that involves disparate treatment through explicit facial discrimination is not dependent on why a defendant discriminates "but rather on the explicit terms of the discrimination." *Int'l Union v. Johnson Controls, Inc.*, 499 U.S. 187, 199 (1991).

---

[5] The parties agree the exception has four requirements, and the specifics of those requirements. *Compare* ECF No. 23 at 15, *with* ECF No. 37 at 27 (citing the four requirements). The parties disagree as to which C.F.R. applies: Cigna argues the requirements are set forth in 45 C.F.R. § 91.13, whereas Stanic Rasin argues they are set forth in 45 C.F.R. § 90.14. The court does not need to resolve this discrepancy at this stage of the litigation.

Here, the complaint alleges that the Exclusion disparately impacts: (1) enrollees who are hearing disabled by denying them "meaningful access" to the durable medical equipment and/or prosthetic device benefit, (2) **older enrollees** by denying them "meaningful access" to the durable medical equipment and/or prosthetic device benefit of hearing aids, and (3) **older enrollees** with "diagnosed health conditions have access to medically necessary durable medical equipment or prosthetics to treat their conditions and a meaningful appeals process if they are denied," so the Exclusion results in disparate treatment between **adults** with disabling hearing loss when compared to other enrollees. *See* ECF No. 1 at 15–16 (emphasis added).

Cigna does not meaningfully explain how these allegations are insufficient to plausibly allege a facial disability discrimination claim. Instead, it contends that the complaint fails to give any reason as to why providing hearing aid benefits for children but not adults constitutes unlawful discrimination against Stanic Rasin, or that the plan contains a "reasonable age-based restriction." ECF No. 23 at 17. First, the allegations do allege an impact on **adults** with disabling hearing loss in comparison to others. Second, at this stage, the court does not make factual findings, *see Browne v. McCain*, 612 F. Supp. 2d 1125, 1130 (C.D. Cal. 2009), so I need not consider whether the Exclusion applies to determine if the complaint plausibly alleges age discrimination, making Cigna's request that I do so an unconvincing reason to grant dismissal. Third, at this stage of the litigation, the complaint need not allege statistical data to establish disparate impact. *Garcia v. Country Wide Fin. Corp.*, 2008 WL 7842104, at *6 (C.D. Cal. Jan. 17, 2008) (plaintiff "is not required at the pleading stage to produce statistical evidence proving a disparate impact"). Consequently, Cigna's motion to dismiss on these arguments is denied.

### 2. *The complaint plausibly alleges intentional disability discrimination.*

Cigna contends that the plaintiff has failed to plausibly allege intentional discrimination because the complaint fails to allege that she was "denied benefits" or subjected to differential treatment "solely by reason of" her hearing loss. ECF No. 23 at 18. Stanic Rasin responds that to bring a claim under the Rehabilitation Act, a person must show that "but for" her disability, she

would have been able to access the desired benefits. ECF No. 37 at 17 (citing *Lovell v. Chandler*, 303 F.3d 1039, 1053 (9th Cir. 2002)). She further contends that the complaint sufficiently alleges that "[b]ased solely on [her] disability—hearing loss—Cigna shunts their claims into a separate limited benefit/exclusion that provides significantly less coverage," which constitutes disability discrimination. *Id.* at 18. I agree.

The complaint sufficiently alleges that Stanic Rasin's hearing loss is the reason for the Exclusion. *See, e.g.,* ECF No. 1 at 3–4, ¶ 7 ("Cigna discriminates on the basis of disability and/or age when it (or a subsidiary or affiliate) designs, insures, and/or administers health plans that exclude all coverage for hearing aids, a treatment required only by hearing disabled enrollees."); *id.* at 5, ¶ 15 ("But for Cigna's Exclusion, [the plaintiff's] prescribed hearing aids would have been covered as they are considered medically necessary by Cigna and are a form of durable medical equipment or prosthetic. As a result of Cigna's discrimination, Stanic Rasin and proposed class members do not have access to the essential medical equipment required to treat their disability at all or because of their age."); *id.* at 6, ¶ 16 ("[C]lass members' medical diagnosis of hearing loss together and the code for hearing aids trigger the denial of coverage for the durable medical equipment that they need in health plans that wholly exclude coverage of Hearing Aid. Hearing disabled enrollees in these health plans are discriminated against based on their disability.") Accordingly, I deny Cigna's motion on its "lack of solely by reason of" argument.

Cigna also moves to dismiss the plaintiff's ADA claim because it fails to allege intentional discrimination as required to obtain money damages under the ADA. *See* ECF No. 23 at 14. Indeed, Title II of the ADA authorizes the recovery of monetary damages, but it requires proof of intentional discrimination. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). In her opposition, Stanic Rasin clarifies that she seeks "reprocessing, declaratory and prospective injunctive relief from Cigna's ongoing, discriminatory actions," as set forth in paragraph 124 of the complaint. ECF No. 37 at 29. Given this clarification, I deny as moot Cigna's motion to dismiss the ADA claim based on this argument. *See Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1188 (9th

Cir. 2003) (discussing that Title II's statutory language does not prohibit injunctive action against defendants).

### 3. The complaint sufficiently alleges proxy disability discrimination.[6]

To state a claim for proxy discrimination, a plaintiff must plausibly allege that the policy "treats individuals differently on the basis of seemingly neutral criteria that are so closely associated with the disfavored group that discrimination on the basis of such criteria is, constructively, facial discrimination against the disfavored group." *Davis v. Guam*, 932 F.3d 822, 837 (9th Cir. 2019) (quoting *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1160 n.23 (9th Cir. 2013)). "Proxy discrimination does not require an exact match between the proxy category and the racial classification for which it is a proxy." *Davis*, 932 F.3d at 838. Rather, the critical issue is whether the "fit" between the protected category and the alleged proxy is "sufficiently close" to make a discriminatory inference plausible. *Schmitt v. Kaiser Found. Health Plan of Wash.*, 965 F.3d 945, 959 (9th Cir. 2020).

The complaint alleges: (1) "[h]earing aids are so intertwined with hearing disability that the exclusion of hearing aids is a proxy for excluding hearing disability; (2) "the Hearing Aid Exclusion is illegal proxy discrimination because it targets hearing disabled enrollees who require prescription hearing aids," (3) "the hearing aids are a proxy for hearing disability," (4) "[h]earing aids are only used to treat forms of hearing loss and impairment," and (5) "all people diagnosed with hearing loss and who require prescription hearing aids meet the definition of "disability" relied upon in Section 1557, such that an exclusion of all prescription hearing aids impacts only (or nearly only) people with disabling hearing loss." ECF No. 1 at 14–15.

---

[6] Stanic Rasin contends that Cigna attempts to re-label this claim as one for deliberate indifference. ECF No. 37 at 19. Because the plaintiff's opposition affirmatively states that this claim is one for proxy discrimination, which is what is also alleged in the complaint, I deny Cigna's motion as to this argument.

Cigna argues that Stanic Rasin fails to plead sufficient facts to show proxy discrimination. ECF No. 23 at 21. Specifically, they contend Stanic Rasin only cites to a "self-reported" census report that states 18 million Americans suffer from serious hearing loss, but she fails to plead what percentage of those people would qualify as having disabling hearing loss. *Id.* Cigna argues that without these allegations, it is unclear what proportion of Americans with hearing loss are or are not disabled, so it is possible that "a majority of Americans with serious hearing loss who are prescribed hearing aids are not disabled or that a minority of disabled Americans who use hearing aids have had them prescribed." *Id.* Stanic Rasin asserts that the complaint sufficiently alleges that the Exclusion is proxy discrimination because prescription hearing aids are the "perfect" proxy for a hearing disability, and that the need for prescription hearing is "almost exclusively [an] indicator[] of membership in the disfavored group." ECF No. 37 at 19 (quoting *Pacific Shores Props.*, 730 F.3d at 1160 n.23).

I reject Cigna's argument that this court should make a factual determination that an exception to 42 U.S.C. § 6103(b) applies or its demand that the plaintiff provide more allegations like statistics for studies to bring these claims. This is because, as explained above, at this stage, the court need not make factual findings nor require that a complaint allege statistical data to establish disparate impact. *See McQueen v. City of Chicago*, 803 F. Supp. 2d 892, 906 (N.D. Ill. 2011) (in a Title VII case, noting that a "disparate impact claim need not allege statistical support to survive a motion to dismiss."). The complaint alleges: (1) "[h]earing aids are so intertwined with hearing disability that the exclusion of hearing aids is a proxy for excluding hearing disability," ECF No. 1 at 14, ¶ 63; (2) "[h]earing aids are only used to treat forms of hearing loss and impairment. No other condition relies on hearing aids for medical treatment. Accordingly, an exclusion of coverage for hearing aids is targeted directly at hearing loss," *id.* at ¶¶ 64–65, and (3) all people diagnosed with hearing loss and who require prescription hearing aids meet the definition of "disability" relied upon in Section 1557, such that an exclusion of all prescription hearing aids impacts only (or nearly only) people with disabling hearing loss." *Id.* at 15, ¶ 66.

11

These allegations, together with the complaint's introductory allegations, are sufficient to allege proxy discrimination, so the motion to dismiss on this ground is denied.

## IV.  Conclusion

IT IS HEREBY ORDERED that the defendant's motion to dismiss **[ECF No. 23] is GRANTED in part and DENIED in part** as set forth in this order. All dismissed allegations are dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that any amended complaint must be filed by March 24, 2026, it must be titled "First Amended Complaint," and it must specifically delineate each specific claim against the defendant.

Dated: March 10, 2026

_____
Cristina D. Silva
United States District Judge